■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES HICKS, Appellant.— Judgment unanimously reversed, the information dismissed and the defendant discharged from custody. On neither count was there sufficient evidence to establish each of the elements of the crime. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ.

■ ELEANOR FERRARA et al., Respondents, v. ANTHONY C. GALLUCHIO et al., Appellants.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ.

■ J. ROSE & COMPANY, INC., Respondent v. UNITY STOVE COMPANY, INC., Appellant.— It being conceded on the argument of this appeal that the defendant has paid the amount demanded in the complaint, the only remaining questions are whether the counterclaim is sufficient as a pleading and whether plaintiff is entitled to summary judgment dismissing the counterclaim. We find the counterclaim sufficient as a statement of a cause of action. We doubt that subdivision 3 of rule 113 of the Rules of Civil Practice was intended to encompass a cause of action for an alleged conspiracy in restraint of trade in violation of section 340 of the General Business Law or that such an action lends itself to a motion for summary judgment under rule 113. But without deciding that question, we conclude that plaintiff has not made a showing here which would warrant a summary disposition, despite the fact that defendant has made no counter showing and its charge of conspiracy is given little elaboration and substantiation in the pleading. Order unanimously modified so as to deny the motion to strike the counterclaim and to sever the counterclaim under section 262 of the Civil Practice Act and, as so modified, otherwise is affirmed, with costs to abide the event. Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ. [3 Misc 2d 939.]

■ OSSINING ASSOCIATES, INC., Respondent, v. AUSTIN, NICHOLS & Co., INC., Appellant.— (Order entered September 18, 1956, as resettled by order entered October 10, 1956, granting plaintiff a declaratory summary judgment.) Judgment and order unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ.

■ OSSINING ASSOCIATES, INC., Respondent, v. AUSTIN, NICHOLS & Co., INC., Appellant.— Appeal from the first resettled order and judgment entered September 18, 1956, granting judgment for plaintiff on the pleadings, unanimously dismissed. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD KARNOW, Appellant.— Judgment unanimously reversed and the information dismissed upon the ground that the guilt of the defendant was not established beyond a reasonable doubt. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ.

■ In the Matter of the Arbitration between GEORGE LA FRANCE, Respondent, and SPRINGFIELD GROUP INSURANCE COMPANY, Appellant.— Order and judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ.

■ RIPLEY MANUFACTURING CORP. et al., Respondents, v. HEARNS DEPARTMENT STORES, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ.

■ In the Matter of the Estate of EDWARD FINKENBERG, Deceased. JESSIE L. FINKENBERG, Appellant; ISRAEL FINKENBERG et al., as Trustees and Executors under the Will of EDWARD FINKENBERG, Deceased, Respondents.— The Surrogate properly disposed of the petitions before him. Petitioner's complaint of delay by the executors and trustees in failing to make the payments of income mandated by testator's will may be resolved by an expeditious determination