## First Department, December, 1958

## (December 2, 1958)

■ The People of the State of New York, Respondent, v. William Baker, Carl Davis and Robert McLain, Appellants.

Memorandum by the Court. *People* v. *Hicks* (3 A D 2d 829) is distinguishable. In that case the People, in effect, conceded that "the proof may be insufficient to establish that the defendant possessed the eye-dropper with the intent to use it for that purpose [i.e., the administration of narcotic drugs]." Nor was there proof with respect to what instrument or implement the defendant was there charged with possessing. In *Hicks* the evidence also indicated that there was nothing more than a trace of a narcotic in the wad of cotton that was found — insufficient to make a finding that the defendant had possession or control of a narcotic drug. In the instant case six hypodermic needles and a substantial amount of a solution containing a narcotic drug were found, all located near the couch occupied by the defendants. There was ample proof to sustain a finding of possession and control by the defendants of the narcotic drug and the instruments.

M. M. Frank, J. (dissenting). With one Judge voting to acquit, the defendants were convicted in the Court of Special Sessions, under an information containing two counts. The defendants, visitors in the premises, were taken into custody with one George Eddie, in the basement of a building where he was the superintendent's helper. Five eyedroppers, a bottle cap containing a piece of cotton, and six hypodermic needles, all in a cardboard box which was enclosed in brown paper, were found near a couch on which the defendants were asleep.

Eddie admitted ownership of all the paraphernalia and told the arresting officer he had used some of it to inject the drug into himself. Eddie pleaded guilty to the first count of the information, and thereafter he testified, on the trial of the appealing defendants, that they brought a quantity of wine when they came to his place. It is a fair assumption that this testimony was given in an attempt to account for the fact that the defendants were wrapped in slumber when found by the police. The officer testified that each defendant admitted having used an implement, not otherwise identified, to take an injection of heroin sometime before the arrest.

Chemical analysis established that heroin was present in the cotton contained in the bottle cap and in two eyedroppers. No heroin was found in three eyedroppers nor in any of the needles. In this connection, Eddie testified that he was a diabetic, and it would be a fair assumption, if that were true, that some of the equipment would legitimately be used for the purpose of taking insulin.

The majority, in affirming the conviction, distinguish *People* v. *Hicks* (3 A D 2d 829) in which this court reversed a conviction. We can find no substantial difference between that case and this. If anything, the *Hicks* case was stronger for the prosecution on the facts than the instant one. Hicks was apprehended in a room that he had occupied for at least one night with the codefendant, who pleaded guilty. Hicks admitted taking drugs in the premises

sometime before his arrest. The paraphernalia used lay exposed alongside the bed in which the codefendant was found.

Here the defendants were visitors, not occupants. Moreover, the instruments were concealed, not exposed. The inference of control or possession cannot, therefore, be as readily drawn.

The record in the *Hicks* case * does not clearly indicate that a lesser quantity of heroin was found than in this case. Assuming a quantum difference, however, we cannot agree that such a distinction would justify an acquittal in one and a conviction in the other.

In the absence of a statutory presumption, as in subdivisions 2 and 4 of section 1751 of the Penal Law the conviction of these defendants rests only upon an inference which does not exclude every reasonable hypothesis of innocence. Where circumstances are as consistent with innocence as with guilt, a conviction cannot be sustained. (*People* v. *Weiss,* 290 N. Y. 160, 163; *People* v. *Woltering,* 275 N. Y. 51, 61; *People* v. *Suffern,* 267 N. Y. 115, 127; *People* v. *Fitzgerald,* 156 N. Y. 253, 258.)

Under the circumstances, the judgment of conviction should be reversed on the law and on the facts and the information dismissed.

Rabin, J. P., Valente and McNally, JJ., concur in memorandum by the court; M. M. Frank, J., dissents in opinion in which Stevens, J., concurs.

Judgment affirmed.

---

* The briefs in *Hicks* state: " The parties stipulated that if a certain analyst from the Police Laboratory were called he would testify that he found heroin present upon examination of the metal cap and its contents (Tr. 6)." The parties in this action entered into a similar stipulation.