■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OSCAR CASE, Appellant.— Judgment convicting defendant after trial of one count of rape in the first degree, one count of carrying a dangerous weapon after prior conviction, two counts of assault in the second degree and three counts of exposure of person, unanimously modified, on the law and on the facts, to the extent of dismissing counts fourth and twelfth of the indictment, and, as so modified, affirmed. Count fourth alleges exposure of defendant's person on May 14, 1959 and is dismissed on the ground that the People failed to establish the guilt of defendant beyond a reasonable doubt. Count twelfth alleges assault in the second degree on September 3, 1959 and is dismissed on the ground that the infant complaining witness was improperly sworn, and therefore there was insufficient evidence to establish guilt. We have examined the other assignments of error and find them to be without merit. We conclude the sentence should not be modified. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID PIPPIN, Appellant.— Judgment of conviction unanimously reversed, upon the law and the facts, and the information dismissed, upon the law, and the defendant is discharged from custody. Concededly, the second count of the information charging him with unlawful possession of barbiturates was not proven. And we have concluded that the record here is insufficient to support defendant's conviction of count one of the information which charged him with the crime of unlawful possession of a narcotic drug in violation of section 3305 of the Public Health Law and section 1751-a of the Penal Law. The conviction on the narcotics count rests upon proof that three stapling machines and a plastic box, containing one of the machines, were found by an officer in a night table and in a dresser drawer in the bedroom of defendant's apartment and that they contained traces or residue of powder which on chemical analysis was found to be positive for heroin. There was no proof that the powder was present on or in the exhibits in any defined quantity. It appears that it was present in such minute quantity that it was all used in the taking of necessary quantities for chemical tests by the People's expert, so that none of the same was available for a test by an expert in behalf of the defendant. In any event, the District Attorney concedes that the heroin was present in mere traces. It appeared that the bedroom in which the articles were found was also occupied by a woman who resided with the defendant. The defendant admitted merely to an officer that " he had used them [the articles] in relation to his business", which was a restaurant business. There was no satisfactory proof as to the ownership of the articles, nor was it shown when the defendant had last used the articles or had them in his physical possession. On the other hand, the woman who had the use of the apartment and who also worked in the restaurant, testified that she had brought the stapling machines from the restaurant and had placed them in the apartment and that they were used by her there. Upon the record here, in light of the foregoing, it was not established that the defendant had such possession and control of the articles as to charge him with knowledge of and responsibility for the traces of heroin found on them. Thus, his guilt of the crime charged was not established beyond a reasonable doubt. See *People* v. *Gerardi*, 5 A D 2d 993; *People* v. *Hicks*, 3 A D 2d 829; *People* v. *Baker*, 7 A D 2d 707.) Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.