■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE FLEARY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered February 6, 1981, convicting him of three counts each of criminal possession of a controlled substance in the second and third degrees, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Though a defendant's guilt may be proven by circumstantial evidence, the People's case herein was legally insufficient to sustain the judgment. The proof offered by the People against the defendant consisted in the main of lawfully intercepted telephone conversations between the defendant and one Smith, alleged to be, and apparently, defendant's supplier of cocaine. The conversation, as interpreted by police witnesses, though in drug parlance, indicated fairly clearly that defendant was negotiating purchases of two ounces of an unidentified drug from Smith. When defendant's apartment was searched pursuant to a properly issued search warrant, no cocaine was found. Instead, the police found four test tubes, three of which contained residue of cocaine, and a delicate scale of the kind used for weighing narcotic drugs. Defendant was charged specifically with possession of two ounces of cocaine on each of three separate occasions, as well as possession of cocaine on these same dates with intent to sell same. It was defendant's trial testimony that although he had dealt with Smith, it was marihuana which he purchased from him, that this was for his own personal use and that he did not possess cocaine on the dates stated in the indictment. Defendant is charged with possession of a specific amount of cocaine with the intent to sell same. The record is, however, barren of any fact which satisfactorily establishes defendant's alleged criminal activity. Accordingly, the judgment must be reversed and the indictment dismissed. Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FOURNIER, Appellant. — Appeal by defendant (by permission) from an order of the County Court, Westchester County (Martin, J.), dated October 29, 1980, which denied, without a hearing, his motion to set aside his sentence. By order dated June 22, 1981, this court remitted the case to the County Court to hear and report on whether the stenographer recorded correctly the defendant's sentence imposed on September 8, 1977, and the appeal has been held in abeyance in the interim (*People v Fournier,* 82 AD2d 893). The County Court (Maas, J.), has complied and rendered its report in accordance therewith. Order affirmed (see *People v Minaya,* 54 NY2d 360). Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.