OPINION OF THE COURT
Marcy L. Kahn, J.
Defendant Dennis Shelton was arrested on March 12, 1987 and charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), loitering in the first degree (Penal Law § 240.36), and criminally using drug paraphernalia in the second degree (Penal Law § 220.50).
Defendant now moves pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) to dismiss the complaint for facial insufficiency on the ground that possession of cocaine residue is not sufficient to sustain a charge of criminal possession of a controlled substance in the seventh degree. He also filed a supplemental motion seeking dismissal pursuant to CPL 170.45, for the additional reason that the People have not opposed the original motion, thereby rendering defendant’s factual contentions undisputed.
For the reasons set forth below, the complaint is dismissed.
PACTS
The defendant was charged in a misdemeanor complaint which states in pertinent part: "Deponent states that on the aforementioned date, time and location the defendant did knowingly and unlawfully possess a controlled substance, to wit; [sic] 26 vials containing residue of alleged cocaine (crack), on defendnats [sic] person.
On May 15, 1987 the People filed a laboratory analysis of the items recovered from the defendant which indicated 26 vials containing residue of cocaine and two smoking devices containing residue of cocaine. This court reserved decision on the People’s application to have the complaint deemed an information based on the lab report, pending decision on this motion. June 3 was set as the date for the defendant to file motion papers, June 17 for the People’s response, and June 19 for decision.
On June 19, the People had not responded to the motion, which had been timely filed by the defense. Counsel for the defendant thereupon moved for summary dismissal under *646 CPL 170.45. The People requested an opportunity to oppose the motion on papers. A supplementary motion schedule was set, requiring memoranda from both sides by July 20. Defendant’s supplemental motion papers were received July 17. To date the court has received no papers, either on the main motion or on the supplemental motion, from the office of the Bronx County District Attorney.*
APPLICABLE LAW
1. Penal Law § 220.03
CPL 170.45 makes applicable to motions to dismiss misdemeanor complaints and informations the rules contained in CPL 210.45 (4). These rules require that a motion to dismiss be summarily granted whenever the moving papers allege a ground constituting a legal basis for the motion, all facts essential to support the motion are alleged under oath, and the factual allegations are either conceded by the People to be true or are conclusively substantiated by unquestioned documentary proof. The Court of Appeals has made clear that this last requirement can be satisfied where the People fail to raise an issue of fact in their answering papers. (People v Gruden, 42 NY2d 214 [1977].)
In the instant case, the original motion papers submitted by the defendant, in the affirmation of Beth A. Levy, Esq., sworn to May 21, 1987, alleged a ground constituting a legal basis for dismissal, namely, that the possession of cocaine residue was insufficient as a matter of law to establish a violation of Penal Law § 220.03, which requires a person to "knowingly and unlawfully possess * * * a controlled substance” in order to come within its proscription. (People v Pippin, 16 AD2d 635 [1st Dept 1962]; People v Hicks, 3 AD2d 829 [1st Dept 1957].)
In a very recent decision (People v Ifill, Crim Ct, NY County, Mar. 16, 1987, Lowe, J., No. 6N074451) a court of coordinate jurisdiction examined the question whether cocaine residue was sufficient to sustain a charge of criminal possession of a controlled substance. Noting that residue was no longer cocaine in usable form — one who possesses mere residue can neither use it nor sell it — and that residue by definition was what remained after the cocaine had been removed, the court dismissed the case before it.
*647 I would note additionally that "knowing possession”, an essential element of Penal Law § 220.03, could hardly be made out where only residue is alleged to have been possessed.
For these reasons, I find the defendant to have satisfied the first prong of the requirements of the statute.
The Levy affirmation also set forth the sworn facts that the lab report showed that "there was no weight or volume present of drugs, only residue”; "there is absolutely no evidence of cocaine in 'any defined quantity’ ”; and "There is no weight or volume indicated in the laboratory report”. The second prong is satisfied.
These sworn allegations of fact are conceded by the People’s failure to controvert them in any way. "Normally what is not disputed is deemed to be conceded.” (People v Gruden, supra, 42 NY2d, at 216.)
For the aforementioned reasons defendant’s motion to dismiss the charge of criminal possession of a controlled substance, pursuant to CPL 170.45, 170.30 and 170.35, is granted. The People’s application to have the balance of the complaint converted to an information based on the laboratory report is likewise denied.
2. Penal Law § 240.36
Although defendant does not raise the issue, the court is constrained to note a nonwaivable jurisdictional defect regarding the charge of loitering in the first degree (Penal Law § 240.36). This defect is fatal to any prosecution of the charge and must result in dismissal on the court’s own motion.
To meet statutory requirements for an accusatory instrument upon which a defendant may be held for trial a misdemeanor complaint must allege facts of an evidentiary character (CPL 100.15 [3]) demonstrating reasonable cause to believe defendant committed the crime charged. (CPL 100.40 [4] [b]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].) Mere statements of a conclusory nature will not suffice (supra). Further, a valid information must contain nonhearsay, factual allegations which must, if true, "establish * * * every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c]). The latter portion of this statutory mandate is a nonwaivable jurisdictional requirement. (People v Case, 42 NY2d 98 [1977].)
Applying the statutory definition of "reasonable cause” (CPL 70.10 [2]) to the accusatory instrument at issue here, this *648 court must determine whether "evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgement and experience that it is reasonably likely” that defendant was loitering for the purpose of unlawfully using or possessing a controlled substance. (CPL 70.10 [2]; Penal Law § 240.36.)
A person commits the crime of loitering in the first degree as defined in Penal Law § 240.36 when he "loiters or remains in any place with one or more persons for the purpose of unlawfully using or possessing a controlled substance”. The complaint reads in relevant part as follows: "[T]he defendant did loiter and remain at the above mentioned location with one or more persons for the purpose of unlawfully using or possessing a controlled substance, as defined in Section 220.00 of the Penal law in that the defendant [sic] did loiter and remain in said premises, and did possess the above mentioned vials containing residue of alleged cocaine (crack).”
The factual portion of this instrument fails to meet the minimum pleading requirements of a complaint as required by CPL 100.15 and 100.40 (4) (a) and (b). Here, the accusatory instrument does nothing more than track the language of the statute without providing any factual allegation and support for the charge. Defendant’s mere presence at a particular location with another person, without more, does not provide reasonable cause to believe that defendant was engaged in the prohibited conduct.
In considering Penal Law § 240.37 (loitering for the purpose of engaging in prostitution), the Court of Appeals in People v Smith (44 NY2d 613 [1978]), upheld the constitutionality of a similar loitering statute chiefly because the Legislature had prescribed objective standards governing the exercise of discretion by police officers on the street. Emphasizing that the arresting officer must delineate specific conduct witnessed in every case, the Court of Appeals stated: "[I]t requires loitering plus additional objective conduct evincing that the observed activities are for the [proscribed] purpose”. (People v Smith, supra, at 621.)
In contrast to Smith (supra), the instant case is noteworthy for the total absence of "observed acts” that support the supposition that defendant was loitering for the alleged illegal purpose. This omission is fatal. (See, People v Berck, 32 NY2d 567 [1973]; People v Diaz, 4 NY2d 469 [1958]; People v White, *649 Crim Ct, Bronx County, July 31, 1986.) The pleading contains no statement of any objective act to support the conclusion that defendant’s presence at the stated locations was for the purpose of using or obtaining drugs. Here, there is no allegation that defendant was known to the authorities as a drug user, that the area was "drug prone”, that the defendant’s behavior evidenced an intent to engage in the proscribed activity, or even that the defendant possessed or attempted to possess a controlled substance.
Clearly, the allegations as to the residue lack the necessary weight and persuasiveness to convince the court that defendant engaged in conduct violative of the statute.
Thus, the charge of loitering in the first degree is dismissed as facially insufficient pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a).
3, Penal Law § 220.50
There is yet another jurisdictional defect in the pleadings concerning the charge of criminally using drug paraphernalia in the second degree. (Penal Law § 220.50.)
A person commits the crime of criminally using drug paraphernalia in the second degree when he "knowingly possesses or sells * * * [d]iluents, dilutants or adulterants, including but not limited to, any of the following: quinine hydrochloride, mannitol, mannite, lactose or dextrose, adapted for the dilution of narcotic drugs or stimulants under circumstances evincing an intent to use, or under circumstances evincing knowledge that some person intends to use, the same for purposes of unlawfully mixing, compounding, or otherwise preparing any narcotic drug or stimulant”. (Penal Law § 220.50 [1].)
The Legislature’s intent in enacting Penal Law § 220.50 was to address the problem of police "raids on illicit drug 'factories’ ” where narcotics are manufactured and packaged for illicit distribution or sale, and not, as in the instant case, to prosecute individuals for possession of vials and two smoking devices for personal use. (See, Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 220.50, at 89-90.) At best, defendant’s conduct falls outside the parameters of the legislative intent of the statute.
Even if defendant’s conduct could be deemed to fall within the legislative intent, however, this charge must be dismissed, as it contains a further jurisdictional defect. Specifically, the complaint merely recites the statutory language without set *650 ting forth specific factual allegations to support the charge. It reads as follows: "the defendant did knowingly and unlawfully possess or sell diluents, dilutants or adulterants adapted for the dilution of narcotic drugs or stimulants under circumstance evincing an intent to use or under circumstances evincing knowledge that some person intends to use, the same for purposes of unlawfully mixing, compounding, or otherwise preparing any narcotic drug or stimulant in that the defendant did have in his possession two pipes containing residue of alleged cocaine (crack).”
Absent from the accusatory instrument are facts of an evidentiary character (CPL 100.15 [3]) demonstrating reasonable cause to believe defendant committed the crime charged (CPL 100.40 [4] [b]; People v Alejandro, 70 NY2d 133, supra; People Dumas, 68 NY2d 729, supra). The instant accusatory instrument does not with any specificity delineate a definable, objective act to support the conclusion that defendant’s possession was for intendent use, dispensing or manufacture of a narcotic. Nor is there any allegation defendant had any diluents or adulterants in his possession. Additionally there is no allegation that defendant was known to the authorities as a drug user or engaged in the manufacturing or packaging of narcotics or engaged in any other objective conduct which observed by the officer would suggest defendant’s intent to violate the statute. (Cf., People v Rabah, NYLJ, July 13, 1987, at 13, col 6 [Crim Ct, NY County, Silverman, J.].) Thus, the accusatory instrument fails to meet the necessary requirements of CPL 100.15 and 100.40 (4) (a).
For the foregoing reasons, the charge of criminally using drug paraphernalia in violation of Penal Law § 220.50 is dismissed pursuant to CPL 170.30 and 170.35.
CONCLUSION
Defendant’s motion to dismiss the charge of criminal possession of a controlled substance in the seventh degree is granted. The charges of loitering in the first degree and criminally using drug paraphernalia are dismissed on the court’s own motion.

 On August 12, as the court was announcing this decision to the parties, the Assistant District Attorney for the first time proffered his opposing papers. Under these circumstances, the proffer is rejected.