OPINION OF THE COURT
Marcy L. Kahn, J.
Defendant Riley Mason was arrested on April 29, 1987 and charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), criminally using drug paraphernalia in the second degree (Penal Law § 220.50), loitering in the first degree (Penal Law § 240.36), resisting arrest (Penal Law § 205.30) and disorderly conduct (Penal Law § 240.20). Defendant now moves pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) to dismiss the complaint for facial insufficiency on the ground that possession of cocaine residue is not sufficient to sustain a charge of criminal possession of a controlled substance in the seventh degree.
For the reasons set forth below, the motion to dismiss is granted to the extent that the charges of criminal possession of a controlled substance in the seventh degree, loitering in the first degree and criminally using drug paraphernalia in the second degree are dismissed.
1. Possession of Cocaine Residue
The defendant was charged in a misdemeanor complaint which stated in pertinent part: "Deponent states that on the aforementioned date, time and location the defendant did knowingly and unlawfully possess a controlled substance, to wit; [sic] one clear vial containing white powder of alleged cocaine (crack), on his person, and 6 clear vials with residue of alleged cocaine (crack)”.
On July 9, 1987 the People proffered a laboratory analysis for filing with the court and sought to have the complaint converted to an information. The laboratory report indicated as follows:
"one vial — 0.9 grains — no controlled substance;
"6 vials — cocaine residue;
"one glass pipe — residue — No controlled substance.”
The question presented is whether this laboratory report is sufficient to support the conversion of the complaint into an information containing a legally sufficient basis on which the prosecution can proceed. To satisfy this requirement, the information or supporting depositions accompanying it must contain nonhearsay allegations which establish every element *970 of the offense charged and the defendant’s commission thereof. (CPL 100.40; People v Alejandro, 70 NY2d 133 [1987].)
Penal Law § 220.03, under which defendant is here charged, requires a person to "knowingly and unlawfully possess * * * a controlled substance” in order to come within its proscription. The issue in this case is whether the possession of cocaine residue constitutes a violation of the statute.
Research has produced no controlling authority directly addressing the question. The defense relies largely upon People v Pippin (16 AD2d 635 [1st Dept 1962]), and People v Hicks (3 AD2d 829 [1st Dept 1957]). The People counter with the argument that possession of drugs can be proved circumstantially, citing United States v Adelman (107 F2d 497 [2d Cir 1939]), and People v Davis (95 Misc 2d 1010 [1978], mod sub nom. People v Houston, 72 AD2d 369 [2d Dept 1980, Titone, J.]).
Although none of these cases is precisely on point, I find Hicks (supra) more instructive than the others. There, the evidence underlying a drug possession charge indicated that the police had found nothing more than a trace of a narcotic in a wad of cotton. In a memorandum decision, the First Department held this to be insufficient to support a finding of possession" or control of a narcotic drug. (People v Hicks, 3 AD2d 829 [1957], supra; see, People v Baker, 7 AD2d 707 [1958].)
In Pippin (supra), the First Department reversed a conviction and dismissed an information charging unlawful possession of a narcotic drug, where traces of heroin were found on stapling machines in the defendant’s apartment. The court cited three grounds for its decision, namely, that the heroin was not present in any defined quantity; that the drug had been entirely consumed during the police department’s analysis of it and thus could not be tested by the defense; and that the proof of the defendant’s ownership and control of the staplers was insubstantial.
The cases relied upon by the People are less germane and less compelling. Adelman (supra), a 1939 decision involving application of Federal law, concerned a defendant who sought to withdraw his plea of guilty to charges of concealing morphine. It is not binding authority here and I decline to follow it.
The Davis and Houston decisions (supra) are distinguishable from this case as not involving residue. In those cases, the *971 police chemist had found marihuana present throughout the 9.3 pounds of material confiscated, but was unable to quantify the amount under the "pure weight” standard of the statute. Under the facts there presented, the Second Department affirmed the conviction for possession of an unquantified amount of marihuana, while rejecting the argument that the evidence provided circumstantial support for the defendant’s conviction of sale of more than one pound of marihuana.
More recently, however, in a case much more akin to the present one, the same court dismissed as legally insufficient an indictment charging violations of Penal Law article 220, where the evidence seized consisted of test tubes containing residue of cocaine. (People v Fleary, 85 AD2d 742 [2d Dept 1981].) Acknowledging that a defendant’s guilt may be proven by circumstantial evidence, the Second Department found the record in Fleary "barren of any fact which satisfactorily establishes defendant’s alleged criminal activity.” (Supra, at 742.)
Although none of these decisions is precisely on point, the better reasoning appears to be that possession of cocaine residue does not sufficiently establish a violation of the statutes prohibiting possession of cocaine. This was the result reached very recently by a court of coordinate jurisdiction in People v Ifill (137 Misc 2d 14 [Crim Ct, NY County, Mar. 16, 1987, Lowe, J.]). Noting that residue was no longer cocaine in usable form — one who possesses mere residue can neither use it nor sell it — and that "residue” by definition was what remained after the cocaine had been removed or used, the court dismissed the charges before it. (Supra, at 16-17.)
"Residue” has been defined as follows: "Remainder, what is left or remains over * * * residuum; what remains, esp. (Chem., etc.) substance left after combustion or evaporation.” (Pocket Oxford Dictionary [6th ed].) Similarly: "1. that which remains after a part is taken, disposed of, or gone; remainder; rest. 2. Chem. residuum.” (Random House Dictionary [Coll ed].) The same source defines "residuum” as follows: "1. the residue, remainder or rest of something. 2. Chem. a quantity or body of matter remaining after evaporation, combustion, distillation, etc. 3. any residual product.”
Based on these definitions, one does not know whether "cocaine residue” is even the same in chemical composition as cocaine. The term can refer to what is left after all of the smokable, or "freebase”, cocaine is smoked, or it may consist *972 of impurities with which cocaine, or some other substance, was mixed. The laboratory analysis done by the police department does not provide any illumination on this point, leaving the court to guess at what is meant by its use of the term "residue”.
What is clear from the police department’s laboratory procedures, however, is that although the department has the capacity to measure quantities of cocaine less than one grain in weight, "residue” is not susceptible of such measurement. As "cocaine residue” does not contain a measurable or defined quantity of cocaine, and cannot be used or sold, its possession does not suffice to support a charge of criminal possession of a controlled substance.
It is also worth noting that an essential element of Penal Law § 220.03 is knowing possession. Where the substance cannot be measured, the individual in question cannot be said to be in knowing possession of the substance.
Drug and alcohol abuse accounts for an enormous percentage of the criminal acts committed in this city and State. Both law enforcement resources and addiction treatment facilities are in short supply. These facts underscore the importance of applying these scarce resources where they are most needed and can do the most good. Prosecution of cocaine residue cases misapplies those resources without reaching the conduct which the Legislature intended to penalize.
For all of these reasons, defendant’s motion to dismiss the charges of violating Penal Law §§ 220.03 and 240.36 are dismissed as facially insufficient.
2. Penal Law § 220.50
A person commits the crime of criminally using drug paraphernalia in the second degree when he: "knowingly possesses or sells * * * [gjelatine capsules, glassine envelopes or any other material suitable for the packaging of individual quantities of narcotic drugs or stimulants under circumstances evincing an intent to use, or under circumstances evincing knowledge that some person intends to use the same for the purpose of unlawfully manufacturing, packaging or dispensing of any narcotic drug or stimulant.” (Penal Law § 220.50 [2].)
The Legislature’s intent in enacting Penal Law § 220.50 was to address the problem of police "raids on illicit drug 'factories’ ” where narcotics are manufactured and packaged for illicit distribution or sale, and not, as in the instant case, *973 to prosecute individuals for possession of 6 vials and 1 glass pipe, which were apparently intended for personal use. It is an element of the crime that the materials be possessed in conjunction with the unlawful " 'manufacturing, packaging or dispensing’ * * * of narcotic drugs.” (See, Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 220.50, at 89-90.) In this case, defendant’s conduct does not fall within the legislative intent of the statute.
Moreover, this charge must be dismissed by the court sua sponte, because it is jurisdictionally defective. (See, People v Case, 42 NY2d 98 [1977].)
Specifically, the complaint merely recites the statutory language without setting forth specific factual allegations to support the charge. The complaint states in pertinent part: "Deponent further states that on the aforementioned date, time and location the defendant did knowingly and unlawfully possessor [sic] sell gelatine capusles [sic], glassine envelopes, or any other material suitable for the packaging of individual quantities of narcotic drugs, or stimuants [sic] under circumstances evincing an intent to use, or under circumstances evincing knowledge that some person intends to use, the same for the purposes of unlawfully manufacturiing [sic] packaging or dispensing of any narcotic drug or stiumlant [sic] in that the deft [sic] did have in his possession 6 vials containing residue of alleged cocaine, andone [sic] glass xtube [sic], containing residue of alleged cocaine”.
Absent from the accusatory instrument are facts of an evidentiary character (CPL 100.15 [3]) demonstrating reasonable cause to believe defendant committed the crime charged. (CPL 100.40 [4] [b]; People v Alejandro, 70 NY2d 133 [1987], supra; People v Dumas, 68 NY2d 729 [1986].) As already noted, the complaint does not set forth any facts to support the conclusion that defendant’s possession was for intended use, dispensing or manufacture of a narcotic. Additionally, there is no allegation that defendant was known to the authorities as a drug seller, had been engaged in the manufacturing or packaging of narcotics, or had engaged in any other objective conduct observed by the officer which would suggest defendant’s intent to violate the statute. (Cf., People v Rabah, NYLJ, July 13, 1987, at 13, col 6 [Crim Ct, NY County, Silverman, J.].) Thus, the accusatory instrument fails to meet the necessary requirements of CPL 100.15 and 100.40 (4) (a).
For the foregoing reasons, the charge of criminally using *974 drug paraphernalia in violation of Penal Law § 220.50 is dismissed pursuant to CPL 170.30 and 170.35.
3. Penal Law §§ 205.30 and 240.20
The remaining charges, of resisting arrest and disorderly conduct, are sufficient on their face. (See, People v Alejandro, supra.)
As defendant failed to appear before this court on July 9, resulting in the court’s issuing a bench warrant for his arrest, he will continue to face these charges upon his being returned on the warrant.
CONCLUSION
Defendant’s motion to dismiss the charges of criminal possession of a controlled substance in the seventh degree, loitering in the first degree and criminally using drug paraphernalia are granted. The balance of defendant’s motion is denied.