OPINION OF THE COURT
Joel M. Goldberg, J.
The question on this motion to dismiss is whether an allegation of misdemeanor cocaine possession (Penal Law § 220.03) is legally sufficient when a police laboratory report shows the "weight/quantity” to be "residue”. For the reasons stated below, I hold "residue” possession to be legally sufficient. No minimum weight need be shown to prove a violation of Penal Law § 220.03, although in cases of possession of small amounts, it may be difficult to prove guilt beyond a reasonable doubt since "knowing” possession is an element of the crime. However, this issue is a question of fact to be determined on a case-by-case basis..
THE FACTS
The defendant is charged with one count of criminal possession of a controlled substance in the seventh degree in that on *532 September 10, 1987 he was observed "in possession of a crack pipe which had an amount of crack cocaine”. Subsequently, the People filed a police laboratory report showing the pipe contained cocaine, "weight/volume: residue”.
Based upon the laboratory report statement that a "residue” amount of cocaine was involved, the defendant brought the instant motion to dismiss, citing six recent Criminal Court decisions holding that possession of "residue” is insufficient to establish a violation of Penal Law § 220.03.
The People’s opposing papers included a copy of a letter, dated November 25, 1987 from the director of the police laboratory, Edward A. Stanley, Ph.D., to the chief of the Narcotics Bureau in the Kings County District Attorney’s office. This letter is significant because it clarifies the term "residue” as it is used by the police laboratory. The police laboratory uses the term "residue” to mean an amount of controlled substance that is "very small and not easily transferable”. The weight of "any residue” according to the police laboratory "can be determined if one wished to take the necessary time to do so”.
The full text of the letter reads:
"In response to your recent question concerning the words 'narcotic residue’, as stated on the New York City Police Department Laboratory reports, may I try and clarify the issue by stating the following:
"1. In each case where a controlled substance is identified on the laboratory report, there was enough material present to make a positive identification.
"2. If insufficient material is present for identification, then it is stated on the laboratory report that no controlled substance was found.
"3. If the material is identified as narcotic, but listed as residue, the word residue in this case means that the weight of the controlled substance is very small and not easily transferable. Furthermore, it would take a large amount of time to determine its accurate weight. The weight of any residue can be determined if one wished to take the necessary time to do so; generally its weight would be of an amount less than 0.1 grain. Legally, this weight determination is not required by New York State Law. The law is very clear in that the possession of a controlled substance in any amount, having an aggregate weight of less than Vs oz. (= 54.7 grains), sustains a misdemeanor charge.
*533 "4. With the very large narcotics case load of the Police Laboratory (approximately 10,000 case each month), coupled with a shortage of both space and personnel, I believe that it is not only completely unnecessary but realistically impossible to determine the true weight of the residue.” (Emphasis in original letter.)
This unique definition of "residue” is not found in any dictionary. Since two of the principal Criminal Court precedents holding that "residue” possession is not unlawful are based on standard dictionary definitions of "residue” (People v Ifill, 137 Misc 2d 14 [Crim Ct, NY County 1987, Lowe, J.]; People v Mason, 136 Misc 2d 968 [Crim Ct, Bronx County 1987, Kahn, J.]), those cases and the other Criminal Court cases which rely on them lose much of their persuasive force.
PRIOR APPELLATE CASES
Research has failed to disclose an appellate decision permitting possession of an extremely small amount of a controlled substance. The defendant on this motion relies on two appellate cases, People v Hicks (3 AD2d 829 [1st Dept 1957]) and People v Pippin (16 AD2d 635 [1st Dept 1962]). However, a close reading of those cases reveals that the respective convictions were not reversed because, as a matter of law, the quantity of controlled substance involved was too small. Rather, the defendants in those cases were not sufficiently shown to have been in knowing possession. Thus, those cases turned on their own facts and do not support the proposition that possession of less than "X” amount of a controlled substance does not violate Penal Law § 220.03.
Although no opinion was written in People v Hicks (supra), the facts of that case are contained in People v Baker (7 AD2d 707 [1st Dept 1958]). In Hicks, a "trace” of a narcotic found in a wad of cotton was held "insufficient to make a finding that the defendant had possession or control of a narcotic drug.” (People v Baker, supra, at 707.)
The second appellate case cited by the defendant, People v Pippin (supra), in fact, strongly indicates that Hicks (supra) was reversed based on the defendant’s lack of knowledge.
In Pippin (supra), three stapling machines containing "traces or residue” of heroin were found in the defendant’s bedroom. So small was the quantity that all of the heroin was consumed during the laboratory test. The defendant shared the bedroom with another person, and there was evidence that *534 both the defendant and the roommate had used the stapling machines. Citing Hicks and Baker (supra), the Pippin court stated that there was insufficient evidence to charge the defendant with knowledge of the traces of heroin found on the stapling machines. Significantly, the Pippin decision did not state that, per se, possession of "traces or residue” of a controlled substance is legally insufficient to establish knowing possession.
Both Hicks and Pippin (supra) turned on their own facts. In each case the controlled substance was found in an "unlikely location”, a wad of cotton and a stapling machine. The controlled substance in this case was found in a smoking pipe possessed by the defendant. The inference of the defendant’s knowing possession is obviously much stronger in this case.
Furthermore, although the amount of cocaine in this case is described as "residue”, the exact quantity may not be as miniscule as the quantities in Hicks and Pippin (supra). At this point, we do not know whether the quantity in this case was designated as "residue” because it was too small to register on the police laboratory scales or it was not weighed at all because it was too difficult to remove from the smoking pipe. Thus, Hicks and Pippin should not be read to authorize across-the-board dismissals of controlled substance cases charging "residue” quantity as that term is used by the police laboratory.
PRIOR CRIMINAL COURT CASES
People v Ifill (137 Misc 2d 14, supra) is the earliest of a string of six Criminal Court cases cited by the defendant. In Ifill, the defendant was charged with possession of 6 glass vials and 1 glass tube containing cocaine residue. The court in Ifill cited a dictionary definition of "residue” which defined the term as "that which remains after part is taken, separated, removed, or designated”. From this inapplicable definition, the Ifill court erroneously concluded that cocaine residue, therefore, is that which remains in the vial, pipe, or other packaging after the cocaine has been either removed or used, and exists in such a small quantity that it cannot be measured (supra, at 16).
Thus, due to an inappropriate interpretation of "residue”, Ifill’s ultimate finding that "cocaine residue” is "no longer usable” rests on a false premise.
The next case cited by the defendant is People v Colsanto *535 (Crim Ct, NY County, June 22, 1987, Williams, J., docket No. 7N02486). This case involved three glassine envelopes containing "heroin residue”. The court in Colsanto noted that the People did not provide a "scientific definition” of "residue” and, that in the absence of such a definition, it found the reasoning of People v Ifill (supra) "persuasive” and dismissed the charges as facially insufficient.
Third in the line of cases cited by the defendant is People v Shelton (136 Misc 2d 644 [Crim Ct, Bronx County 1987, Kahn, J.]). In Shelton, cocaine "residue” was found in 26. vials and 2 smoking devices.
The defendant’s motion contended that possession of "cocaine residue” was, as a matter of law, not a crime, relying on People v Hicks and People v Pippin (supra). The court precluded the People from filing an untimely answer to this motion and, citing People v Ifill (supra) with approval, the Shelton court dismissed the possession charge.
Following Shelton (supra), in People v Mason (136 Misc 2d 968, supra), the same court dismissed a possession charge involving six vials of cocaine residue.
In addition to relying on People v Pippin and People v Hicks (supra), the court in Mason (supra) also relied on People v Fleary (85 AD2d 742 [2d Dept 1981]) for the proposition that possession of cocaine residue is not unlawful. However, Fleary offers even less support for this proposition than Hicks or Pippin. Fleary involved convictions for felony weight possession on three different dates and not "residue” amounts. Three vials containing residue amounts of cocaine were introduced at trial as circumstantial evidence to show that the defendant previously possessed felony weight. No counts involving residue amounts were charged. The court in Fleary held that these residue vials were insufficient to show that the defendant previously possessed (unrecovered) felony weight cocaine.
In addition to relying on distinguishable appellate authority, the court in Mason (supra) also cited Ifill’s dictionary definition of "residue” as well as two other dictionary definitions of "residue”. From these dictionary definitions, the Mason court concluded — contrary to the police laboratory definition of "residue” — that "cocaine residue” is not chemically the same as cocaine.
The two final Criminal Court cases cited by the defendant, People v Allen (Crim Ct, Kings County, Dec. 18, 1987, *536 Hubsher, J., docket No. 7K011430), and People v Dunton (Crim Ct, Kings County, Jan. 4, 1988, Schwartzwald, J., docket No. 7K008407), each relied solely upon Ifill (supra) and its progeny, an impressive, but flawed line of authority.
CONCLUSION
Preservation of scarce prosecutorial resources for "more viable” cases, a consideration alluded to in several of the above-cited Criminal Court opinions, is not a proper function of a motion to dismiss for facial insufficiency. The proof of "knowing” possession in "residue” cases will depend on the facts of each case and cannot be determined on the face of the complaint. Whether to prosecute vigorously "residue” cases should be determined by the responsible exercise of prosecutorial discretion. Thus, there is a prosecutorial obligation to both the defendant and an overburdened court system to determine at the earliest possible time the likelihood of ultimate conviction in each "residue” case and to proceed accordingly.
For the foregoing reasons, the defendant’s motion to dismiss is denied. This constitutes the court’s decision and order.
ADDENDUM
From experience gathered in other cases, I have learned that there is an important distinction between "residue” of crack cocaine found in smoking pipes and "residue” of crack cocaine found in vials. This distinction may determine whether a defendant can be shown to have been in "knowing” possession.
Where a police laboratory report shows that a vial contained cocaine "residue”, this usually means that the vial contained "flakes” of cocaine weighing less than .05 grains, i.e., less than one ten-thousandth (.0001) of an ounce. (See, People v Ifill, supra, at 16, n 1.)
This is an important factor to consider in determining whether a defendant’s "knowing” possession of cocaine "residue” in a vial can be established.
On the other hand, crack cocaine "residue” found in smoking pipes is usually not weighed by the police laboratory. It is difficult to remove all of the substance from the pipe, and there is no point in weighing part of it. It is classified as "residue”, because it is not weighed. This "residue” represents *537 rehardened crack cocaine that was melted but not consumed during prior use, and it may be present in substantial quantities which allow it to be reheated and smoked. Thus, in cases of cocaine "residue” in a smoking pipe, it may be easier to establish a defendant’s "knowing” possession than in cases where "flakes” of cocaine "residue”, weighing less than one ten-thousandth of an ounce, are found in a vial.
Therefore, it may be important for prosecutors to obtain from the arresting officer a description of the contents of the vial or pipe as it appeared prior to testing by the police laboratory. This will facilitate a proper evaluation of the strength of the case.