OPINION OF THE COURT
Memorandum.
Order affirmed.
The information in the case at bar charged the defendant with criminal possession of a controlled substance in the seventh degree, alleging that he possessed two vials containing "cocaine, crack.” The court below dismissed the information *287 upon receipt of a laboratory report indicating that the vials contained only a "residue”.
While the Legislature has not required proof of a minimum quantity for the offense in question (see, People v Schunk, NYLJ, Jan. 15, 1987, at 12, col 1 [App Term, 9th & 10th Jud Dists]), it is our opinion that proof of only a nonquantifiable amount of a controlled substance is insufficient, without more to support a conviction for criminal possession of the substance (see, People v Baker, 7 AD2d 707; see also, People v Mason, 136 Misc 2d 968; People v Ifill, 137 Misc 2d 14; People v Shelton, 136 Misc 2d 644). While circumstantial evidence may remedy the defect and establish a prima facie case, the information fails to allege any additional factual data beyond that previously set forth. It is therefore facially insufficient. Since the failure of an information to allege a prima facie case is a nonwaivable jurisdictional defect (People v Alejandro, 70 NY2d 133), the fact that defendant did not comply with provisions of CPL 170.45 requiring notice and writing, is of no moment.
Kassoff, P. J., and Pizzuto, J., concur; Kellam, J., taking no part.