OPINION OF THE COURT
Martin G. Karopkin, J.
The defendant’s motion to dismiss the accusatory instrument on the grounds of legal insufficiency is hereby granted.
The defendant is charged with Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree. Recently, the criminal courts have differed over whether a laboratory finding of "residue” is sufficient to sustain this charge.
*921 In deciding a motion to dismiss on the grounds of facial insufficiency, it is first necessary to consider the governing statutory requirements of CPL 100.15 and 100.40. The former requires an accusatory portion of the instrument designating the charges and a factual portion containing allegations tending to support them. The latter requires that a complaint provide reasonable cause, while to be an information, the nonhearsay allegations of the factual part and/or any supporting depositions must establish, if true, every element of the crime charged.
The instrument presently before the court charges the defendant with Penal Law § 220.03 and states that the deponent, Police Officer DiStafano, observed the defendant in possession of cocaine crack, which he identified, based on his experience, in that, "deponent has previously seized cocaine crack, which was determined to be such by chemical analysis by the Police Laboratory, and the substance in this case possesses the same physical characteristics as such previously * * * identified substance.”
The court finds, therefore, that this instrument taken alone is sufficient to be a complaint, in that it provides allegations tending to support the charge and reasonable cause to believe the defendant may have committed such offense. (See, People v Dumas, 68 NY2d 729; People v Paul, 133 Misc 2d 234.)
In order to satisfy the nonhearsay requirements of an information, however, the court holds that a laboratory report is necessary to support the officer’s bare belief, whether a foundation for the officer’s experience is set forth or not. (See, People v Harvin, 126 Misc 2d 775; People v Ranieri, 127 Misc 2d 132; People v Blow, 127 Misc 2d 1054; People v McMillan, 125 Misc 2d 177.)
We next address the central issue of whether the addition of the laboratory report, showing cocaine "residue”, can convert this complaint to a jurisdictionally sufficient information, which is necessary to proceed to trial. In order to do so it must first satisfy the nonhearsay requirement and, together with the complaint, serve to establish, if true, every element of the crime charged.
This court holds that a laboratory finding of cocaine "residue”, determined by chemical analysis, establishes the existence of a controlled substance within the statutory meaning of Penal Law § 220.03. Although others have argued a need for a "usable amount”, we conclude that identification of the *922 presence of a controlled substance in any form, be it ester, salt, sulfate, phosphate or residue, is precisely what is contemplated by possession in the seventh degree, which requires only identification not measurement. (See, Public Health Law § 3306 [Schedule II] [b] [4]; "Schedules of controlled substances”, 21 USC § 812 [c] [Schedule II] [a] [4]; see also, CPL 715.50 [1], "Analysis of dangerous drugs”, which refers to "qualitative identification”, while indicating "weight and quantity” need only be measured "where appropriate”.)
In a letter to the Brooklyn District Attorney, dated November 25, 1987, Dr. Edward Stanley, Director of the Police Laboratory, states that residue refers to "enough material present to make a positive identification”, but "means that the weight of the controlled substance is very small and not easily transferrable”, although "[t]he weight of any residue can be determined if one wished * * * to do so.” Since possession in the seventh degree requires no specific amount, the police seem to have concluded that such a measurement is unnecessary.
In People v Mizell (NYLJ, Mar. 1, 1988, at 14, col 5), the Appellate Term, Second Department, found that "proof of only a nonquantifiable amount of a controlled substance is insufficient, without more to support a conviction for criminal possession of the substance”. The Laboratory Director’s letter, above, indicates that "residue” is a measurable or quantifiable amount, but that such weighing is not done by virtue of the silence of the statute regarding it. Based upon this definition, it would appear that the Appellate Term decision, by its language, would require that residue, as defined by the police laboratory, could be a sufficient amount to support a criminal conviction, but that unless the information alleges, "additional factual data” it is "facially insufficient”.
It is the majority view of the law, in jurisdictions throughout the United States, that possession of even nonusable amounts of controlled substances can sustain a criminal conviction. (See, Note, Criminal Liability for Possession of Nonusable Amounts of Controlled Substances, 77 Colum L Rev 596.)
Article 220 of the current Penal Law was enacted in 1973 as part of a comprehensive effort by the Governor and Legislature to combat drug abuse in New York. Prior to enactment of the statute in question, the issues were studied by a legislative committee and their recommendations clearly show that the intent of the law was to encompass more than just the use *923 and sale of controlled substances: "Our determination to retain the concept of misdemeanor possessory offenses is based upon our belief that the removal of the potential penal consequences will effect an increase in the incidence of drug abuse * * * by the removal of penal sanctions for the unlawful possession of dangerous drugs.” (1972 Interim Report of Temporary State Commn to Evaluate the Drug Laws, 1972 NY Legis Doc No. 10, at 58.)
Based on the foregoing, we cannot agree with the holding of People v Ifill (137 Misc 2d 14) or the dictionary definition of residue used therein. (See, People v Smith, 138 Misc 2d 531.) Furthermore, even were it necessary to consume the evidence by weighing it, as discussed in People v Pippin (16 AD2d 635) (which also dealt with issues of control and proof at trial), this court is not convinced that dismissal on grounds of insufficiency would be merited. To the contrary, if the police destroyed the evidence by weighing it, when the statute does not require weighing, then the defense might very well be prejudiced. (See, Annotation, Effect of Test Consuming Evidence, 40 ALR4th 594.)
For these reasons, we conclude that the police laboratory report finding cocaine "residue” is enough to sustain the charge of criminal possession of a controlled substance in the seventh degree and also satisfies the nonhearsay requirement of CPL 100.40. (See, People v Alejandro, 70 NY2d 133.)
We must, finally, turn to the remaining, and crucial, issue of whether each and every element of the crime charged is now sufficiently supported.
The only questionable element herein, of course, is defendant’s knowing possession, as required by Penal Law § 220.03. Ordinarily, an inference may be made from the possession itself, but in residue issues such a presumption may not be valid. (See, People v Camacho, 47 AD2d 527; People v McCray, 57 AD2d 632; People v Georgens, 107 AD2d 820; see also, Penal Law § 220.25.)
If residue can constitute so small an amount as to be virtually invisible, or only discernible by chemical test, then a defendant cannot always be expected to perceive it by the five senses, ergo it cannot logically be inferred from the possession alone that the defendant knows of the drug’s presence. (See, People v Shelton, 136 Misc 2d 644; People v Reisman, 29 NY2d 278.)
In an addendum to People v Smith (supra), the court makes *924 references to various types of residue. This raises the possibility that some "residue” may, in fact, be discernible to the normal senses and, therefore, an inference of knowledge of it might be drawn. Such a conclusion cannot be reached, however, by virtue of the laboratory report itself, but must be coupled with the complaint to determine whether there are any supporting allegations from which to raise the inference of knowing on the part of the defendant. This could be done by "circumstantial evidence” or "additional factual data,” as noted in Mizell (supra).
Although we held the complaint sufficient to cross the Dumas threshold, based on the liberal construction of Paul (supra), this does not necessarily mean that the pleadings are also able to raise an inference of the defendant’s knowledge. Just because the arresting officer, based on his past experience and expertise, was able to identify the presence of the drug does not, in itself, show the defendant had reason to know of it.
In the case before us, the complaint merely refers to "physical characteristics”, without stating that these actual properties were or precisely how the officer was able to perceive them. Moreover, it fails to set forth any other circumstances which may give rise to the inference that the defendant knowingly possessed the substance.
Since it may or may not be possible to recognize residue by the ordinary human senses, we find that the pleadings must include some recitation of this, or the necessary inference of defendant’s knowledge cannot be drawn.
Accordingly, this court holds that the complaint herein, despite the addition of the laboratory report, does not meet all of the requirements of an information under CPL 100.40, because the necessary element of defendant’s knowing possession cannot be inferred from the pleadings.
Using the reasoning and analysis found necessary under Penal Law § 220.03 and CPL 100.15 and 100.40, this court finds that the People have failed to make out a prima facie case sufficient to proceed to trial, and the defendant’s motion to dismiss must be granted.
In concluding, the court takes special note of another decision involving residue, People v Allen (Crim Ct, Kings County, Dec. 18, 1987, docket No. 7K011430), which states that, "aside *925 from the legal aspects * * * with a pragmatic view * * * the People would have great difficulty obtaining a guilty verdict * * * predicated upon an amount next to nothing * * * The People are better advised to reserve their resources for prosecuting more viable drug cases of which there appears to be no limit.”