■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ACEVEDO, Appellant. [596 NYS2d 618] —Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant was charged with criminal sale of a controlled substance in the first degree and conspiracy in the second degree, based on an attempted controlled buy of two or more ounces of cocaine by an undercover officer. At trial, the officer testified that, when he asked a codefendant whether he had "the stuff", the codefendant held up a bag that appeared to be a "white powder substance, cocaine, about two and a half to three ounces". Defendant, however, insisted that the undercover officer enter the house to complete the deal, and the officer instead stalled and called for back-up. No drugs were recovered when the police arrived, and the undercover officer testified that he felt that defendant was trying to "rip [him] off."

The People concede that the conviction of criminal sale of a controlled substance in the first degree must be reversed based on insufficient proof; that crime requires the sale of two or more ounces of a narcotic drug and, here, the "cocaine" was not weighed *(cf., People v George,* 67 NY2d 817, 819). Their argument that the conviction should be reduced to criminal sale of a controlled substance in the third degree, for which there is no minimum weight requirement, lacks merit because the proof was insufficient to establish that the substance was cocaine *(see, People v Fleary,* 85 AD2d 742; *cf., People v Christopher,* 161 AD2d 896, *lv denied* 76 NY2d 786; *People v Jewsbury,* 115 AD2d 341). In addition, the conspiracy conviction must be reversed because the People failed to prove that defendant intended to sell cocaine, and thus failed to prove the specific intent for the felony towards which, according to the indictment, the conspiracy was directed *(see, People v Ozarowski,* 38 NY2d 481, 488-489). It was equally plausible that defendant intended to defraud the undercover officer. (Appeal from Judgment of Erie County Court, Drury, J.— Criminal Sale Controlled Substance, 1st Degree.) Present— Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.