### STATE OF CONNECTICUT *v.* JOHN CONNELLY
### (12164)

PETERS, HEALEY, PARSKEY, SHEA and DANNEHY, Js.

Argued October 9—decision released November 20, 1984

*Howard T. Owens, Jr.,* with whom was *Jeffrey A. Rozen,* for the appellant (defendant).

*Donald A. Browne,* state's attorney for the appellee (state).

SHEA, J. The defendant has appealed from a judgment of the trial court ordering the forfeiture to the state of his 1981 Lincoln Continental automobile pursuant to General Statutes § 54-33g (c).[1] The only claim of error which the defendant has briefed is that the forfeiture was improper because of the failure of the trial court in the original memorandum of decision to find that the automobile had been used or was intended to be used in violation of a criminal statute as required by § 54-33g (c). After the defendant's brief was filed, on motion of the state to rectify, the trial court corrected the original memorandum of decision by adding a finding "that the allegations in the In Rem proceeding are true and that the subject automobile was used

---

[1] General Statutes § 54-33g provides in part as follows: "(c) If the judge or court finds the allegations made in such complaint to be true and that the property has been possessed, controlled or designed for use, or is or has been or is intended to be used, with intent to violate or in violation of any of the criminal laws of this state, he shall render judgment that such property is a nuisance and order the same to be destroyed or disposed of to a charitable or educational institution or to a governmental agency or institution provided, if any such property is subject to a bona fide mortgage, assignment of lease or rent, lien or security interest, such property shall not be so destroyed or disposed of in violation of the rights of the holder of such interest.

in violation of [General Statutes § 19-480a and § 19-481 (a)]."[2] The court at that time also declared the property to be a nuisance and ordered its transfer to the state. We find no error.

Since the deficiency originally relied upon as the sole claim of error in the defendant's brief as well as in his preliminary statement of issues has now been cured by the action of the trial court, the defendant in oral argument has relied wholly upon a claim that neither the evidence nor the facts found by the trial court adequately support the conclusion that the automobile was being used in violation of § 19-480a and § 19-481 (a). The state, which did not file its brief until after the original memorandum of decision had been corrected, has treated that issue as the only significant one raised and has briefed it fully.

The defendant does not challenge the subordinate facts found by the trial court, which are as follows: The defendant had frequently been observed driving his 1981 Lincoln Continental automobile when he visited a restaurant on East Main Street, Bridgeport. As a result of information gained from a wiretap authorized pursuant to General Statutes § 54-41d, a search and seizure warrant was issued for the restaurant and for the automobile. The warrant was executed on June 18, 1981, and the police found in the restaurant a paper bag filled with manila envelopes and plastic bags containing white powder which proved to be cocaine. A plastic bag of white powder, which, according to an analysis, contained 0.18 ounces of cocaine, was found inside a compartment located in the driver's door of the automobile. The defendant and an employee suspected of dealing in narcotics were inside the restau-

[2] The in rem petition charged that the 1981 Lincoln Continental automobile had been seized for violation of both General Statutes § 19-480a and § 19-481 (a). In the 1983 revision of the General Statutes § 19-480a became § 21a-278 and § 19-481 (a) became § 21a-279 (a).

rant when the warrant was executed, and they were arrested. Following his arrest, the defendant told a police officer that the cocaine discovered in the car was intended for his own use.

General Statutes § 54-33g "provides for a civil action *in rem* for the condemnation and forefeiture of the [property] which was used in violation of the law. . . . In such an action the guilt or innocence of the owner of the [property] is not in issue. The only issue is whether the [property] was used in violation of law. This follows from the nature of the action which is one against the *res,* an action *in rem.*" *State* v. *Bucchieri,* 176 Conn. 339, 345, 407 A.2d 990 (1978), quoting *Alcorn* v. *Alexandrovicz,* 112 Conn. 618, 623, 153 A. 786 (1931). "The effective enforcement of the law may require legislation making property used for illegal purposes subject to forfeiture." *Alcorn* v. *Alexandrovicz,* supra, 623.

The defendant focuses upon the absence of any evidence to support the trial court's conclusion that the automobile was used as an instrumentality in the furtherance of the crime of selling cocaine in violation of General Statutes § 19-480a. Although neither the evidence in the briefs nor the subordinate facts recited in the memorandum of decision indicate any link between the cocaine found in the restaurant and the automobile or otherwise implicate that vehicle in activities relating to the sale of cocaine, it is undisputed that a small quantity of that substance was found in a door compartment of the car. The defendant admitted to a police officer that this cocaine was for his own use, thus supporting the alternative conclusion of the court that the automobile had been used in furtherance of the crime of possession or control of a narcotic substance in violation of § 19-481 (a).[3] His argument that the small

---

[3] The defendant was later convicted of a violation of General Statutes § 19-481 (a) as well as of § 19-480a.

quantity of cocaine involved, 0.18 ounces, does not justify a forfeiture is refuted by the language of § 19-481 (a) which makes it a serious crime to possess or control "any quantity of any narcotic substance." Even in the absence of such precise language emphasizing that possession of "any" amount of a narcotic constitutes a crime, forfeitures have been upheld in the federal courts based upon the presence of only minute quantities of prohibited substances in vehicles. *United States* v. *One 1976 Porsche 911S*, 670 F.2d 810, 812 (9th Cir. 1979) (.226 grams marijuana); *United States* v. *One 1975 Mercedes 280S*, 590 F.2d 196, 198 (6th Cir. 1978) (butts of four marijuana cigarettes); *United States* v. *One 1957 Oldsmobile Automobile*, 256 F.2d 931, 933 (5th Cir. 1958) (13 grains marijuana); *Associates Investment Co.* v. *United States*, 220 F.2d 885, 886 (5th Cir. 1955) (one butt and one marijuana cigarette); *United States* v. *One 1973 Dodge Van*, 416 F. Sup. 43, 45 (E.D. Mich. 1976) (10.3 grams marijuana); *United States* v. *One 1971 Porsche Coupe Automobile*, 364 F. Sup. 745, 748–49 (E.D. Pa. 1973) (2 glassine packets of heroin).[4] We con-

---

[4] While the analogous federal statutes, 21 U.S.C. § 881 and 49 U.S.C. §§ 781, 782, contain language different from that of General Statutes § 54-33g, we find the federal authority persuasive in our application of § 54-33g to violations of § 19-481 (a).

The defendant in essence claims that the taking of his car was unfair, based on the small amount of contraband found in it. In *Calero-Toledo* v. *Pearson Yacht Leasing Co.*, 416 U.S. 663, 680–90, 94 S. Ct. 2080, 40 L. Ed. 2d 452 (1974), the United States Supreme Court recognized the harshness of many forfeiture statutes but noted only two instances in which such statutes might violate substantive due process. "It therefore has been implied that it would be difficult to reject the constitutional claim of an owner whose property subjected to forfeiture had been taken from him without his privity or consent. . . . Similarly, the same might be said of an owner who proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property. . . ." (Citations omitted.) *Calero-Toledo* v. *Pearson Yacht Leasing Co.*, supra, 689. The defendant here, having admitted knowledge and possession of the contraband substance with intent to use the same, has no basis for a constitutional claim.

594

clude, therefore, that the finding of the trial court that the subject vehicle had been used in violation of the criminal laws of this state was adequately supported by the evidence as well as the facts recited in the memorandum of decision and that its forfeiture was authorized by the statute.

There is no error.

In this opinion the other judges concurred.