## In re Jullion C.*
### (9268)

Dupont, C. J., Daly and Norcott, Js.

Submitted on briefs January 11—decision released March 12, 1991

*Dante R. Gallucci,* special public defender, filed a brief for the appellant (defendant).

*Thomas McCullough O'Brien,* state's advocate, and *Peter Van Dyk Berg, Jr.,* assistant state's advocate, filed a brief for the appellee (state).

Daly, J. This is an appeal from an order transferring a juvenile matter to the adult criminal docket pur-

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

suant to General Statutes § 46b-127 (1),[1] in which the respondent challenges the formal and substantive sufficiency of the trial court's findings in support of the transfer order. Under General Statutes § 46b-127, the validity of a transfer order depends on a court's making "written findings, after a hearing, that there is probable cause to believe that the child has committed the act for which he is charged."

The proceedings in this case arose out of the involvement of the respondent in the death of Edwin Perez in Bridgeport as a result of fatal gunshot wounds. After conducting a hearing, the trial court found that the respondent was fourteen years old at the time that the alleged murder occurred and that he intentionally caused the death of Perez by shooting him several times with a handgun after first firing a warning shot.

The respondent raises two issues in his challenge to the validity of the transfer order. First, he argues that the trial court's written findings were legally insufficient because there was no express finding regarding probable cause to believe that the respondent committed the crime of murder without a finding of specific intent to commit murder, as required by General Statutes § 53a-54a. Second, the respondent asserts there was an insufficient evidentiary basis for the trial court's conclusion that probable cause existed. We disagree and uphold the validity of the transfer order.

---

[1] General Statutes § 46b-127 provides in relevant part that "[t]he court shall transfer to the regular criminal docket of the superior court from the docket for juvenile matters: (1) Any child referred for the commission of a murder under sections 53a-54a to 53a-54d, inclusive, provided any such murder was committed after such child attained the age of fourteen years . . . . No such transfer shall be valid unless, prior thereto, the court has made written findings, after a hearing, that there is probable cause to believe that the child has committed the act for which he is charged. An order by the court under this section transferring a child from the docket for juvenile matters to the regular criminal docket of the superior court shall be a final judgment for purposes of appeal."

We note at the outset that the rationale and conclusions in the Connecticut Supreme Court's recent decision, *In re Edwin N.*, 215 Conn. 277, 575 A.2d 1016 (1990), are controlling in this case.[2] In *In re Edwin N.*, supra, the respondent challenged the validity of the trial court's transfer of a juvenile murder case to the adult criminal docket. As in the present case, the juvenile in *Edwin* argued that the trial court's findings were legally insufficient because there was no express finding as to his intent to commit murder, and challenged the evidentiary basis for the trial court's conclusion regarding his specific intent to kill the victim. The trial court's written findings were found deficient because they failed to make a finding concerning the juvenile's intent. The Supreme Court found, however, that the trial court's findings, "though undesirably sparse, [were] nonetheless . . . sufficient to warrant an inference about the factual underpinnings of the court's transfer order." Id., 283. These factual underpinnings supplied the circumstantial evidence capable of supporting a legal inference of intent to kill. Id., 284, citing *State* v. *Zdanis,* 182 Conn. 388, 396, 438 A.2d 696 (1980), cert. denied, 450 U.S. 1003, 101 S. Ct. 1715, 68 L. Ed. 2d 207 (1981).

As in *Edwin,* the trial court in this case made sufficient, though sparse, findings of fact and law.[3] In dis-

---

[2] The trial court issued its findings and order on May 4, 1990, several weeks before *In re Edwin N., 215* Conn. 277, 575 A.2d 1016 (1990), was released.

[3] After a hearing on the Court Advocate's Motion for Transfer the trial court made the following findings and order in compliance with § 46b-127 of the Connecticut General Statutes:

"(1) Edwin Perez died in Bridgeport on March 15, 1990 as the result of gunshot wounds of the head and chest.

"(2) A petition for delinquency charging Jullion C. with Murder in violation of Connecticut General Statutes, Section 53a-54a was served on the respondent and referred to the court.

"(3) Jullion C., the respondent, was born on January 10, 1976. He was fourteen years old on March 15, 1990.

tinction to *Edwin,* the trial court here did make an explicit finding that the respondent did intentionally kill the victim. Although the trial court's findings were conclusory in nature, on the basis of its factual findings and legal conclusions, we affirm.

The judgment is affirmed.

In this opinion the other judges concurred.

"(4) On the basis of the exhibits presented and the testimony of an eyewitness and the statement of the respondent made after an advisement of rights and in the presence of his grandmother, an adoptive parent, wherein he admitted shooting the decedent after firing a warning shot, the court finds there is probable cause to believe that Jullion C. intentionally caused the death of Edwin Perez by shooting at him several times with a handgun and hitting him twice.

"(5) There is probable cause to believe the offense charged has been committed and that the respondent, Jullion C., has committed it."