PAUL FOTI *v.* TONI RICHARDSON, COMMISSIONER
OF MENTAL RETARDATION
(10870)

DUPONT, C. J., HEIMAN and SCHALLER, Js.

---

464

Argued December 8, 1992—decision released February 23, 1993

*Lawrence W. Berliner,* with whom, on the brief, was *Debra S. Gershman,* for the appellant (plaintiff).

*James P. Welsh,* assistant attorney general, with whom were *Bernard F. McGovern, Jr.,* assistant attorney general, and, on the brief, *Richard Blumenthal,* attorney general, for the appellee (defendant).

SCHALLER, J. The principal issue in this appeal is whether a person who is autistic but not mentally retarded is eligible for the services of the department of mental retardation (department). The plaintiff appeals from a judgment of the trial court, in an administrative appeal, finding him ineligible for the services of the department. On appeal to this court, the plaintiff claims that the trial court improperly (1) concluded

that General Statutes § 17a-215 (formerly § 19a-462) does not operate to make persons who are not mentally retarded eligible for services, and (2) concluded that the commissioner's denial of eligibility does not violate Connecticut constitutional and statutory rights to equal protection, due process, and nondiscrimination. We affirm the judgment of the trial court.

The facts are undisputed. In 1989, the plaintiff, then a nineteen year old man who had been diagnosed with a condition known as autism, applied to the department for services consisting of case management, day services, vocational training, and supported living. The commissioner denied the application because the plaintiff was not diagnosed as mentally retarded. The parties agree that, while the plaintiff is autistic, he is not mentally retarded. The plaintiff essentially predicated his claim to eligibility on § 17a-215.[1]

On February 7, 1990, the plaintiff and the department's regional director attended an administrative review meeting to discuss the basis of the denial. On February 23, 1990, the regional director upheld the initial decision. After the plaintiff requested review of that decision, the commissioner upheld the regional director's decision because of the plaintiff's diagnosis of autism, stating that the plaintiff "does not meet eligibility criteria for this department and responsibilities as 'lead agency for autism services' are limited to coordination among agencies."

The plaintiff then filed his administrative complaint which was dismissed by the commissioner in a final decision dated November 5, 1990. The plaintiff appealed from that final decision to the Superior Court under

[1] General Statutes § 17a-215 (formerly § 19a-462) provides: "The department of mental retardation shall serve as the lead agency to coordinate, where possible, the functions of the several state agencies which have responsibility for providing services to autistic persons."

General Statutes § 4-183 of the Uniform Administrative Procedure Act. This appeal was taken from the judgment of the Superior Court upholding the commissioner's decision.

I

The first issue raised by the plaintiff is whether persons who are not mentally retarded but are diagnosed as having autism are eligible for department services on the basis of the function of the department as the coordinating agency for services to autistic persons.

We note at the outset that the standard of review of administrative agency rulings is well settled. "[J]udicial review of administrative conclusions of law is limited to a determination of whether, in light of the evidence, those conclusions are unreasonable, arbitrary, illegal or an abuse of discretion." *Fleischman* v. *Board of Examiners in Podiatry,* 22 Conn. App. 181, 184, 576 A.2d 1302 (1990). On the other hand, when we are concerned with a statute that has not been subject to judicial scrutiny, thus presenting us with a pure question of law, our standard of review is broader. *State Medical Society* v. *Board of Examiners in Podiatry,* 208 Conn. 709, 717–19, 546 A.2d 830 (1988). In such cases, "it is the function of the courts to expound and apply governing principles of law." Id., 717; *N.L.R.B.* v. *Brown,* 380 U.S. 278, 291, 85 S. Ct. 980, 13 L. Ed. 2d 839 (1965). The facts of this case are not in dispute. Rather, the parties have presented us with an issue of first impression involving the applicability of § 17a-215. We, therefore, do not accord special deference to the administrative determination.

Our review must comport with the well settled principles of statutory construction. The objective in analyzing legislative action is to discern and effectuate the apparent intent of the legislature. *State* v. *Blasko,* 202 Conn. 541, 553, 522 A.2d 753 (1987); *Black* v. *London*

*& Egazarian Associates, Inc.,* 30 Conn. App. 295, 300, 620 A.2d 176 (1993). "We look first to the plain, unambiguous language of the statute." *Arway* v. *Bloom,* 29 Conn. App. 469, 473, 615 A.2d 1075 (1992), cert. granted, 224 Conn. 924, 618 A.2d 530 (1993). Where particular words or sections are themselves imprecise, we consider the provision at issue in the context of its underlying statutory scheme. *Danbury* v. *International Assn. of Firefighters, Local 801,* 221 Conn. 244, 250, 603 A.2d 393 (1992).

The critical provision of the department's enabling statute provides: "The department of mental retardation, with the advice of a council on mental retardation, shall be responsible for the planning, development and administration of complete, comprehensive and integrated state-wide services *for persons with mental retardation.*" (Emphasis added.) General Statutes § 17a-210 (formerly § 19a-460). On the face of this provision, there is no mention of a concomitant responsibility to develop services for persons that are autistic but not mentally retarded. In this case, it is undisputed that the plaintiff is not mentally retarded. His disability is, therefore, not within the aegis of § 17a-210. It would be wholly improper for this court to annex an additional provision to an unambiguous enabling statute. *Battersby* v. *Battersby,* 218 Conn. 467, 470, 590 A.2d 427 (1991) ("[a]bsent ambiguity, the courts cannot read into statutes, by construction, provisions that are not clearly stated"). We conclude that the trial court properly upheld the decision of the commissioner that denied residential, vocational and case management services to the plaintiff.

The plaintiff argues that the language of § 17a-215 supports his claim that he is entitled to the full services of the department. This position is flawed because the plaintiff is not claiming that he needs the department to serve as lead agency to coordinate the functions of

other agencies. Section 17a-215 provides that the department "shall serve as the lead agency to coordinate, where possible, the functions of the several state agencies which have responsibility for providing services to autistic persons." In this case, the complaint is devoid of any claim that the plaintiff is in need of coordination between agencies. Rather, the plaintiff claims entitlement to residential, vocational and case management services. Therefore, § 17a-215 is inapposite.[2]

We conclude that the full services of the department do not obtain in this case because the plaintiff has not been diagnosed as mentally retarded.[3]

## II

The second issue raised on appeal is whether the commissioner's denial of eligibility for department services to a person who is autistic but not mentally retarded violates Connecticut's constitutional and statutory provisions relating to equal protection, due process, and nondiscrimination.

Our state constitutional and statutory law firmly establishes rights to equal protection and nondiscrimination for all persons. Article first, § 20, as amended by article twenty-one of the amendments to the Connecticut constitution, provides in pertinent part that "[n]o person shall be denied the equal protection of the law nor be subjected to segregation or discrimination in the exercise or enjoyment of his or her civil or polit-

[2] Throughout the proceedings, the plaintiff has failed to explain exactly why this case implicates General Statutes § 17a-215. We, therefore, emphasize that our holding in this case should not be read as interpreting the scope of § 17a-215 when a party properly seeks coordination of the functions of agencies.

[3] While we hold that the department, via General Statutes § 17a-215, is not the appropriate state agency to respond to the plaintiff's claim for residential, vocational and case management services, the plaintiff is not precluded from pursuing other statutory alternatives for services to persons who suffer autism.

ical rights because of . . . physical or mental disability." Similarly, General Statutes § 46a-71 provides: "All services of every state agency shall be performed without discrimination based upon . . . mental retardation, learning disability or physical disability"; and "[n]o state facility may be used in the furtherance of any discrimination, nor may any state agency become a party to any agreement, arrangement or plan which has the effect of sanctioning discrimination. . . ."

It was well within the legislature's prerogative to target a disability, i.e., mental retardation, and devise a scheme to address the specific needs of that disability. Specialized programs of this nature may very well be the most effective way to provide meaningful services. We conclude that the commissioner has not applied § 17a-215 in a manner that violates the rights to equal protection and nondiscrimination accorded to all persons.

This court recently held that classifications based on disabilities are subject to strict judicial scrutiny under the Connecticut constitution. *Daly* v. *DelPonte,* 27 Conn. App. 495, 608 A.2d 93, cert. granted, 223 Conn. 903, 610 A.2d 177 (1992); see also R. Berdon, "Connecticut Equal Protection Clause: Requirement of Strict Scrutiny When Classifications are Based Upon Sex, Physical Disability or Mental Disability," 64 Conn. B.J. 386, 401–402 (1990). In this case, however, the commissioner has not predicated disparate treatment on the plaintiff's autism. Rather, it is the absence of mental retardation that underlies his ineligibility for department services. We agree with the trial court that the denial of department services to persons who are autistic *but not mentally retarded* violates neither article first, § 20, of the Connecticut constitution nor General Statutes § 46a-71.

The judgment is affirmed.

In this opinion the other judges concurred.