IN RE ENRIQUE S.*
(12197)

LAVERY, FREEDMAN and SCHALLER, Js.

Argued June 10—decision released August 10, 1993

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Eugene J. Riccio,* for the appellant (respondent).

*John H. Kearney,* state's advocate, for the appellee (petitioner).

LAVERY, J. The juvenile respondent, Enrique S., appeals from the order of the Superior Court for Juvenile Matters transferring his case to the regular criminal docket on the basis of a finding of probable cause that he committed felony murder in violation of General Statutes § 53a-54c.[1] The respondent claims that the court (1) improperly admitted his inculpatory statement allegedly taken in violation of General Statutes § 46b-137 (a),[2] and (2) found probable cause for the transfer based on insufficient evidence. We affirm the judgment of the trial court.

[1] General Statutes § 53a-54c provides: "A person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit robbery, burglary, kidnapping, sexual assault in the first degree, aggravated sexual assault in the first degree, sexual assault in the third degree, sexual assault in the third degree with a firearm, escape in the first degree, or escape in the second degree and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants, except that in any prosecution under this section, in which the defendant was not the only participant in the underlying crime, it shall be an affirmative defense that the defendant: (A) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (B) was not armed with a deadly weapon, or any dangerous instrument; and (C) had no reasonable ground to believe that any other participant was armed with such a weapon or instrument; and (D) had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury."

[2] General Statutes § 46b-137 (a) provides: "Any admission, confession or statement, written or oral, by a child shall be inadmissible in any proceeding for delinquency against the child making such admission, confession

The respondent, age fourteen, was arrested on September 23, 1992, in connection with the murder of Michael Edward Samaha in Danbury. Ten days earlier, the respondent and his father had been interviewed at Danbury police headquarters. Both were told of the purpose of the interview before the questioning began. *Miranda*[3] warnings were read to the respondent in his father's presence. The trial court found that both the respondent and his father had read and signed a *Miranda* waiver card presented to them. The respondent then implicated himself in the murder.

The state filed a delinquency petition in the Superior Court against the respondent, alleging the serious juvenile offense of felony murder in violation of § 53a-54c. The state then moved to transfer the respondent's case to the regular criminal docket pursuant to General Statutes § 46b-127.[4] At the probable cause hearing on the

or statement unless made by such child in the presence of his parent or parents or guardian and after the parent or parents or guardian and child have been advised (1) of the child's right to retain counsel, or if unable to afford counsel, to have counsel appointed on the child's behalf, (2) of the child's right to refuse to make any statements and (3) that any statements he makes may be introduced into evidence against him."

[3] *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[4] General Statutes § 46b-127 provides: "The court shall transfer to the regular criminal docket of the superior court from the docket for juvenile matters: (1) Any child referred for the commission of a murder under sections 53a-54a to 53a-54d, inclusive, provided any such murder was committed after such child attained the age of fourteen years; (2) any child referred for the violation of any provision of title 53a which is designated as a class A felony, other than murder, if such violation was committed after such child attained the age of fourteen years, provided such child has previously been adjudicated a delinquent at any age for a violation of any provision of title 53a, which at the time of such violation was designated a class A felony; or (3) any child referred for the violation of any provision of title 53a which is designated as a class B felony, provided such violation was committed after such child attained the age of fourteen years, and further provided such child has previously been adjudicated delinquent for two violations of any provision of title 53a, which at the time of such violations were designated a class A or B felony. No such transfer shall be valid unless,

transfer of the respondent's case to the regular criminal docket, the respondent moved to suppress his statement to the police alleging that it was taken in violation of General Statutes § 46b-137 (a).[5] The trial court denied the motion to suppress and found probable cause to transfer the respondent's case; this appeal challenges both decisions.

I

The respondent claims that the police failed to comply with General Statutes § 46b-137 (a) and, therefore, his statement should not have been admitted into evi-

prior thereto, the court has made written findings, after a hearing, that there is probable cause to believe that the child has committed the act for which he is charged. At such hearing, the child shall have the right to counsel and to confront the witnesses against him. The procedures provided in section 54-46a shall apply at such hearing, except that the child shall have the right to move to suppress any admission made by him on the ground that it was obtained in violation of the provisions of subsection (a) of section 46b-137 and to obtain discovery of exculpatory information. An order by the court under this section transferring a child from the docket for juvenile matters to the regular criminal docket of the superior court shall be a final judgment for purposes of appeal. Upon the effectuation of the transfer, such child shall stand trial and be sentenced, if convicted, as if he were sixteen years of age, except that no such child shall be placed in a correctional facility but shall be maintained in a facility for children and youth until he attains the age of sixteen years or until he is sentenced, whichever occurs first. Such child shall receive credit against any sentence imposed for time served in a juvenile facility prior to the effectuation of the transfer. A child who has been transferred may enter a guilty plea to a lesser offense if the court finds that such plea is made knowingly and voluntarily. Any child transferred to the regular criminal docket who pleads guilty to a lesser offense shall not resume his status as a juvenile regarding said offense. If the action is dismissed or nolled or if such child is found not guilty of the charge for which he was transferred, the child shall resume his status as a juvenile until he attains the age of sixteen years."

[5] In 1990, the legislature amended General Statutes § 46b-127 to permit juvenile defendants to move to suppress any statement obtained in violation of General Statutes § 46b-137 (a). Public Acts 1990, No. 90-136, § 2. That amendment was in response to our Supreme Court's holding in *In re Ralph M.*, 211 Conn. 289, 315, 559 A.2d 179 (1989), that § 46b-137 (a) was inapplicable to transfer hearings. Thus, the respondent's motion was proper.

dence at the transfer hearing. The respondent contends that his having heard the *Miranda* warnings in the presence of his father, his having read those warnings, his having signed a waiver card and his father's having signed the waiver card were insufficient to satisfy § 46b-137 (a). The respondent claims that, in addition, the warnings should have been read aloud twice: once to the respondent and once to his father.

Our review of a statute must comport with the well settled principles of statutory construction, the objective of which is to discern and effectuate the legislature's apparent intent. *Foti* v. *Richardson,* 30 Conn. App. 463, 466–67, 620 A.2d 840 (1993). We look first to the plain and unambiguous language of the statute. *Rhodes* v. *Hartford,* 201 Conn. 89, 93, 513 A.2d 124 (1986). Where particular words or sections are themselves imprecise, we consider the provision at issue in the context of its underlying statutory scheme. *Danbury* v. *International Assn. of Firefighters, I.A.F.F. Local 801,* 221 Conn. 244, 250, 603 A.2d 393 (1992). Statutory construction requires common sense to avoid "absurd consequences or bizarre results." *State* v. *Siano,* 216 Conn. 273, 278, 579 A.2d 79 (1990); *King* v. *Board of Education,* 203 Conn. 324, 332, 524 A.2d 1131 (1987).

The respondent's contention that the police should have read the *Miranda* warnings twice is not supported by the text of the statute. Section 46b-137 (a) declares a juvenile's statement inadmissible unless "the parent or parents or guardian and child have been advised." The statute prescribes no specific procedure; it merely requires that information be imparted to both the child and parent or guardian. As long as the accused and the accused's parent or guardian have heard and understood the *Miranda* warnings, the statute is satisfied.

When the accused and parent or guardian are informed through a single reading, separate *Miranda* readings would be unnecessary and redundant.

The warnings required by § 46b-137 (a) are equivalent to the *Miranda* warnings. J. Bruckmann, G. Nash & J. Katz, Connecticut Criminal Caselaw Handbook (1992 Sup.) p. 90. The purpose of the *Miranda* warnings is to enhance an accused's ability to exercise fifth amendment rights knowingly, intelligently and voluntarily. *State* v. *Barrett,* 205 Conn. 437, 447, 534 A.2d 219 (1987). Thus, the purpose of the § 46b-137 (a) warnings is to help an accused make a valid decision to speak or remain silent. See id. Provided both the accused and the accused's parents or guardian receive that information, the purpose of § 46b-137 (a) is achieved. A blanket requirement that each party in the room receive separate *Miranda* notice, regardless of whether they had heard the prior reading, would not enhance the accused's ability to exercise fifth amendment rights.

In this case, the court found that the *Miranda* warnings were read to the respondent and his father at the same time. Further, both the respondent and his father read the warnings on a standard waiver form. Finally, both signed the form before the respondent made his statement. In light of these facts, § 46b-137 (a) was satisfied and the respondent's statement was properly admitted.[6]

## II

The respondent also claims that the trial court found probable cause to transfer his case to the regular criminal docket on the basis of insufficient evidence. Section 46b-127 requires, as a precondition to transfer from the docket for juvenile matters to the regular criminal docket, that the court find "that there is probable cause

---

[6] It should be noted that the respondent challenges only the admission of his statement at the transfer hearing under the alleged violation of General Statutes § 46b-137 (a).

to believe that the child has committed the act for which he is charged." *In re Keijam T.*, 221 Conn. 109, 114–15, 602 A.2d 967 (1992). Probable cause exists where the government's evidence would warrant a reasonably cautious person to believe that the accused committed the crime. Id., 115. Probable cause exceeds mere suspicion, but is substantially less than proof beyond a reasonable doubt. Id. The fine line between mere suspicion and probable cause must be drawn by judgment on the basis of all of the circumstances in the particular situation. Id., 115–16.

When reviewing a trial court's finding of probable cause, we consider whether the trial court's decision was clearly erroneous. Practice Book § 4061; *In re Keijam T.*, supra, 116. When the factual basis of the court's decision is challenged, we must determine whether the facts found by the court are supported by the whole record or whether they are clearly erroneous. Practice Book § 4061; *In re Keijam T.*, supra; *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). Where factual findings are challenged, we view the evidence and the permissible inferences therefrom in the light most favorable to sustaining the trial court's determination. *In re Keijam T.*, supra.

In the present case, our review of the whole record satisfies us that the factual basis for the trial court's transfer order was not clearly erroneous. The respondent admitted that he participated in the robbery of the victim, that he and others forcibly attempted to rob the victim, and that one of his accomplices fired a pistol which the respondent knew was in the accomplice's possession. Finally, the court found that the victim died from the gunshot wound. These factual findings were sufficient to support the court's conclusion that "there is probable cause to charge the respondent with felony murder."

The order of transfer is affirmed.

In this opinion the other judges concurred.