STATE OF CONNECTICUT *v.* JULLION CUFFEE
(11510)

O'CONNELL, HEIMAN and SCHALLER, Js.

Argued June 11—decision released September 7, 1993

*Dante R. Gallucci,* special public defender, for the appellant (defendant).

*Donald A. Browne,* state's attorney, with whom, on the brief, was *Gerard P. Eisenman,* assistant state's attorney, for the appellee (state).

SCHALLER, J. The sole issue on appeal is whether a child[1] who was transferred pursuant to General Statutes § 46b-127[2] from the docket for juvenile matters

---

[1] General Statutes § 46b-120 defines "child" as "any person under sixteen years of age."

[2] General Statutes § 46b-127 provides in pertinent part: "The court shall transfer to the regular criminal docket of the superior court from the docket for juvenile matters: (1) Any child referred for the commission of a murder under sections 53a-54a to 53a-54d, inclusive, provided any such murder was committed after such child attained the age of fourteen years . . . . No such transfer shall be valid unless, prior thereto, the court has made written findings, after a hearing, that there is probable cause to believe that the child has committed the act for which he is charged. . . . Upon the effectuation of the transfer, such child shall stand trial and be sentenced, if convicted, as if he were sixteen years of age, except that no such child shall be placed in a correctional facility but shall be maintained in a facility for children and youth until he attains the age of sixteen years or until he is sentenced, whichever occurs first. . . . A child who has been transferred may enter a guilty plea to a lesser offense if the court finds that such plea is made knowingly and voluntarily. Any child transferred to the regular criminal docket who pleads guilty to a lesser offense shall not resume his status as a juvenile regarding said offense. If the action is dismissed or nolled or if such child is found not guilty of the charge for which he was transferred, the child shall resume his status as a juvenile until he attains the age of sixteen years."

to the regular criminal docket of the Superior Court on a charge of murder must be returned to the docket for juvenile matters if he is acquitted of murder but convicted of the lesser included offense of manslaughter in the second degree.

In March, 1990, the defendant was arrested and charged with the crime of murder in violation of General Statutes § 53a-54a (a). Thereafter, the defendant was transferred to the regular criminal docket of the Superior Court. This court affirmed the order of transfer. *In re Jullion C.*, 24 Conn. App. 244, 587 A.2d 169 (1991). On May, 2, 1991, the trial court determined that probable cause existed to believe that the defendant had committed the act charged.

The defendant pleaded not guilty and was tried by a jury. The defendant filed a request to charge on the lesser included offenses of manslaughter in the first and second degrees. On March 3, 1992, he was found not guilty of the charge of murder and guilty of the lesser included offense of manslaughter in the second degree in violation of General Statutes § 53a-56. After denying the defendant's motion to transfer the defendant back to the docket for juvenile matters, the trial court committed the defendant to the custody of the commissioner of correction for a period of ten years.

The defendant has appealed the judgment of conviction. He claims that pursuant to General Statutes § 46b-127, the trial court improperly denied his motion to transfer the case back to juvenile matters upon his being acquitted of murder. We affirm the judgment of the trial court.

We note at the outset that our review of a statute must comport with well settled principles of statutory construction. "The objective in analyzing legislative action is to discern and effectuate the apparent intent of the legislature." *Foti* v. *Richardson,* 30 Conn. App.

463, 466, 620 A.2d 840 (1993). "We look first to the plain unambiguous language of the statute. *Rhodes* v. *Hartford,* 201 Conn. 89, 93, 513 A.2d 124 (1986). Where particular words or sections are themselves imprecise, we consider the provision at issue in the context of its underlying statutory scheme. *Danbury* v. *International Assn. of Firefighters, I.A.F.F., Local 801,* 221 Conn. 244, 250, 603 A.2d 393 (1992)." *In re Enrique* S., 32 Conn. App. 431, 435, 629 A.2d 476 (1993). While penal statutes are to be strictly construed; *State* v. *Somerville,* 214 Conn. 378, 385, 572 A.2d 944 (1990); *State* v. *McCarthy,* 25 Conn. App. 624, 626, 595 A.2d 941, cert. denied, 220 Conn. 925, 598 A.2d 366 (1991); "[c]ommon sense should be applied to the language of a penal statute, particularly if otherwise absurdity or frustration of the evident design of the legislature results." *State* v. *Morelli,* 25 Conn. App. 605, 609, 595 A.2d 932 (1991).

The statute at issue is General Statutes § 46b-127, which provides in pertinent part: "Upon the effectuation of the transfer [from the juvenile docket], such child shall stand trial and be sentenced, if convicted, as if he were sixteen years of age . . . . A child who has been transferred may enter a guilty plea to a lesser offense . . . . Any child transferred to the regular criminal docket who pleads guilty to a lesser offense shall not resume his status as a juvenile regarding said offense. If the action is dismissed or nolled or if such child is found not guilty of the charge for which he was transferred, the child shall resume his status as a juvenile until he attains the age of sixteen years."

The defendant argues that the plain meaning of § 46b-127 requires that he be returned to juvenile matters for disposition once he is acquitted of the charge for which he was transferred. In support of his position, the defendant cites rules of statutory construction mandating strict construction against the interests of the state and in favor of the accused in criminal mat-

ters. The state, noting that portion of § 46b-127 concerning pleas to lesser included offenses, counters with rules of statutory construction requiring that a statute should be construed as a whole so that all of its parts have meaning, make common sense, and do not lead to bizarre results.

We first consider the language of § 46b-127 stating: "Upon the effectuation of the transfer, such child shall stand trial and be sentenced, if convicted, *as if he were sixteen years of age . . . .*" (Emphasis added.) The clear import of that language is to authorize the prosecution of the juvenile defendant, in all respects, including sentencing, as though he were an adult. That authority is subject only to the condition that, if probable cause for the transferred charge is found not to exist, the adult prosecution ends, and the juvenile is retransferred to juvenile matters. *State* v. *Torres,* 206 Conn. 346, 538 A.2d 185 (1988). We conclude that because the transferred murder charge was validly on the regular adult criminal docket by virtue of a finding of probable cause, the trial court was authorized to sentence the defendant in accordance with the judgment of conviction on the lesser included offense of manslaughter in the second degree.

Our interpretation finds support in the provision of § 46b-127 that "[a]ny child transferred to the regular criminal docket who pleads guilty to a lesser offense shall not resume his status as a juvenile regarding said offense."[3] Keeping in mind the principle of statutory

[3] This provision was not in effect at the time the crime at issue was committed. A review of the legislative history, however, establishes that the legislature added language regarding pleas to lesser included offenses to clarify the original operation of the statute. Representative Richard D. Tulisano noted that the provision *"makes it clear* that in the event that a juvenile is transferred and . . . at that point pleads to a lesser offense . . . [that person] would not then become a juvenile . . . ." (Emphasis added.) 33 H.R. Proc., Pt. 9, 1990 Sess., p. 2948. Similarly, Senator Richard Blumenthal explained: "This bill essentially *codifies* and formalizes certain

construction designed to avoid absurd consequences or bizarre results; *State* v. *Morelli,* supra; we conclude that § 46b-127 must be read to produce the same result for juveniles convicted of lesser included offenses as those pleading guilty to lesser included offenses. Any other result would, indeed, be bizarre and would lead to intolerable disparities in disposition. Compare General Statutes §§ 53a-35a and 53a-56 (maximum sentence of ten years), with General Statutes § 46b-141 (a) (maximum commitment of four years for serious juvenile offense).

The defendant relies heavily on the decision of our Supreme Court in *State* v. *Torres,* supra. There, our Supreme Court held that a defendant aged fifteen at the time of the alleged crime, who was transferred to the regular criminal docket, was entitled to be returned to the docket for juvenile matters after a determination of no probable cause with respect to the charge of murder. The defendant's arguments notwithstanding, *Torres* is not controlling under the circumstances of this case.

First, the decision in *Torres* was limited to its particular facts. The court specifically did not address "questions about the validity of the subsequent conviction of manslaughter as a result of a full trial or a plea of guilty." Id., 360 n.17. Second, and more important, *Torres* is factually dissimilar to the present case. The entire holding in *Torres* is predicated on the fact that there was not probable cause to believe that the child had committed the offense of murder. By contrast, in this case, it is clear that the trial court properly deter-

rights, due process rights, *already accorded juveniles* in transfer proceedings." (Emphasis added.) 33 S. Proc., Pt. 7, 1990 Sess., p. 2238. "[A] statutory amendment that construes and clarifies a prior statute operates as the legislature's declaration of the meaning of the original act." *Darak* v. *Darak,* 210 Conn. 462, 471, 556 A.2d 145 (1989); *State* v. *Blasko,* 202 Conn. 541, 558, 522 A.2d 753 (1987).

mined that probable cause existed. Thus, whereas in *Torres* there was not a valid basis for the initial transfer, here the transfer was entirely sound from the outset. For these reasons, we conclude that because this case was transferred properly to the regular criminal docket of the Superior Court, the trial court acted within its authority pursuant to § 46b-127 in imposing a sentence on the judgment of conviction for second degree manslaughter.[4]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] As noted subsequent to the decision in *Torres,* the legislature amended the juvenile homicide transfer statute to clarify that a person who pleads guilty to a lesser included offense does not resume his status as a juvenile.